UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD SHEEHAN, RONALD PERRY, RANDY AZZATO, and ALAN PACHECO, on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> FEDEX CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, <br><br>    Defendants. | **05 10936 RGS** <br><br> **JURY DEMANDED** <br><br> RECEIPT # _64026_ <br> AMOUNT $ _250.00_ <br> SUMMONS ISSUED _3_ <br> LOCAL RULE 4.1 _-_ <br> WAIVER FORM _-_ <br> MCF ISSUED _-_ <br> BY DPTY. CLK. _M.P._ <br> DATE _5/6/2005_ |

## CLASS ACTION COMPLAINT

MAGISTRATE JUDGE _MBB_

### I.  INTRODUCTION

1.  This is an action brought by current and former delivery drivers of FedEx Corporation and its affiliates and subsidiaries (collectively, "Defendants") for Defendants' unlawful misclassification of drivers as independent contractors instead of employees. The above-named plaintiffs bring this action on behalf of a nationwide class of similarly situated persons who have worked as delivery drivers for FedEx Ground Package System, Inc. ("FedEx Ground") or FedEx Home Delivery, for Defendants' statutory and common law violations that stem from this misclassification.

## II.    **PARTIES**

2.    Plaintiff Edward Sheehan is an adult resident of Marstons Mills, Massachusetts. Plaintiff Sheehan has worked as a FedEx Ground driver since March 1991.

3.    Plaintiff Ronald Perry is an adult resident of North Dartmouth, Massachusetts. Plaintiff Perry worked as a FedEx Home Delivery driver from May 2002 until June 2003.

4.    Plaintiff Randy Azzato is an adult resident of East Falmouth, Massachusetts. Plaintiff Azzato worked as a FedEx Ground driver from June 2002 until March 2003.

5.    Plaintiff Alan Pacheco is an adult resident of Fall River, Massachusetts. Plaintiff Pacheco worked as a FedEx Ground driver from March 2001 until July 2003.

6.    The above-named plaintiffs bring this action on their own behalf and on behalf of a nationwide group of all others similarly situated. That group includes all individuals who worked for FedEx Ground Package System, Inc. and/or its subsidiary, FedEx Home Delivery, as pickup and delivery drivers and who were improperly classified by the Defendants as independent contractors. The class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure. Drivers who are already parties in other courts to the claims asserted here, or who may be members of classes of drivers for whom these claims have already been asserted, may be excluded from this class.

7. Defendant FedEx Corporation ("FedEx Corp.") is a Delaware corporation with its principal place of business in Memphis, Tennessee. At all times relevant, FedEx Corp., by and through itself and its affiliated companies, engaged in transportation and delivery services in every state in the United States.

8. Defendant FedEx Ground Package System, Inc. and its division, FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery (hereinafter collectively referred to as "FedEx Ground") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. At all times relevant, FedEx Ground, an affiliate of Defendant FedEx Corp., engaged in transportation and delivery services in every state in the United States.

### III. JURISDICTION AND VENUE

9. Jurisdiction is invoked and venue is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), as amended by Public Law 109-2, 119 Stat. 4 (2005).

### IV. STATEMENT OF FACTS

10. FedEx Ground, as an affiliate of FedEx Corporation, employs thousands of drivers across the United States to pick up and deliver packages to customers of the Defendants.

11. As a condition of employment, the Defendants required every driver to sign a Pickup & Delivery Standard Contractor Operating Agreement, together with several Addendums (collectively referred to as the "Agreement"). The Agreement is a form contract establishing the terms and conditions of employment of FedEx Ground drivers.

12. At all material times, Plaintiffs, and the class they represent, were individually parties to the Agreement with FedEx Ground described above in paragraph 11.

13. None of the named plaintiffs or class member drivers (collectively, the "drivers") were able to negotiate for different terms and conditions from those appearing in the form Agreement provided by the Defendants. For example, the Defendants unilaterally set the compensation to be paid the drivers.

14. Though the Agreement labels the drivers as independent contractors, the behavioral and financial control manifested over the drivers by the Defendants demonstrates that the drivers are employees rather than independent contractors. Such control includes, but is not limited to, the following matters:

   a. Defendants employ supervisors and managers who have supervisory responsibility over the drivers and assign and direct their work. These supervisors and managers work in the terminals where the drivers report to retrieve the packages that they deliver for the Defendants' customers in furtherance of the Defendants' business operations.

   b. The drivers are required to comply with the Defendants' instructions in terms of written and unwritten policies, procedures, and directives appearing in the Agreement and unilaterally promulgated by the Defendants from time to time regarding the completion of the drivers' duties. Drivers suffer financial penalties and/or disciplinary actions for failure to comply with such policies, procedures, and directives.

c.  Upon starting to work for the Defendants, the drivers receive training in the Defendants' policies and procedures, in the documentation the Defendants require of drivers, and in the technology the Defendants mandate the drivers to use in the performance of their work for the Defendants.

d.  Though the drivers are required to purchase or lease the vehicles they use in working for the Defendants and to purchase the uniforms they wear in performing said work, the Defendants require that the drivers adorn their vehicles and uniforms with the Defendants' logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. Such requirement prevents the drivers from using their vehicles and uniforms to offer services to the general public.

e.  In addition to paying the drivers for each package picked up and/or delivered, the Agreement provides that the Defendants will pay the drivers a set amount for each day that the driver provides services to the Defendants as well as a premium for the drivers' time when the drivers' route contains a small amount of package deliveries. Such payments are made to the drivers each week. Thus, their pay is based, not simply by the job, but by the time spent working.

f.  Though the Agreement purports to give the drivers proprietary control over their routes, the Defendants change the drivers' routes from time to time without the drivers' permission and prohibit the drivers from

selling their routes or having other individuals perform in their place without the express prior approval of the Defendants.

      g.    The Defendants exert a high degree of control over the drivers' work. For example, they have begun installing GPS systems in the drivers' vehicles enabling the Defendants to track the drivers' whereabouts at all times while working.

    15.    Though the Agreement labels the drivers as independent contractors, the type of relationship between the Defendants and the drivers demonstrates that the drivers are employees rather than independent contractors. Factors showing an employment relationship include, but are not limited to, the following:

      a.    The work of the drivers in picking up and delivering packages for the Defendants' customers is completely integrated into the business of the Defendants such that the Defendants' business depends significantly on the performance of the services that the drivers perform.

      b.    Though the drivers are required to purchase or lease the vehicles they use in working for the Defendants, and to purchase the uniforms they wear in performing said work, the Defendants require that the drivers adorn their vehicles and uniforms with the Defendants' logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. Such requirement prevents the drivers from using their vehicles and uniforms to offer services for other, similar businesses.

c. Though the Agreement purports to give the drivers proprietary control over their routes, the Defendants exert a high degree of control over the drivers' ability to sell their routes or have other individuals perform in their place. Such sales and substitutions require the express prior approval of the Defendants, making the services of a type that must be rendered personally by drivers who have effectively been hired by the Defendants.

d. The Defendants prevent the drivers from choosing when and how much they care to work for the Defendants, instead requiring the drivers to work a minimum number of hours and shifts and prohibiting the drivers from refusing work, such as picking up certain packages.

e. Many drivers have continued their relationship as drivers for the Defendants exclusively over many years.

16. The Defendants, per the Agreement, require the drivers to pay the Defendants' operating expenses, including but not limited to:

a. costs relating to the purchase or lease and operation of vehicles to perform work for the Defendants and to maintain and repair such vehicles;

b. costs relating to the purchase of insurance, including vehicle insurance and work accident insurance;

c. costs relating to the purchase of uniforms adhering to the Defendants' precise specifications; and

  d. other costs normally associated with the operation of a business and included in the Defendants' business support package, such as maps, logos and signs, training, modems, and scanners.

  17. By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, the Defendants have committed a widespread and systemic breach of the terms of said Agreement.

  18. By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, the Defendants have misrepresented to the drivers that they are independent contractors (and thus entrepreneurs with the ability to independently manage and grow their businesses), when in fact they are employees (and thus entitled to a variety of legal benefits that inure from the employment relationship).

  19. The Defendants do not contribute to workers' compensation and unemployment insurance programs and do not allow drivers to apply or qualify for workers' compensation or unemployment benefits.

  20. The fair value of the services performed by the drivers exceeds the amount of pay received by the drivers for the work they perform, as compared to drivers performing substantially the same work for other similar businesses and for Defendant FedEx Corporation's other affiliated companies.

  21. In the case of <u>Estrada, et al. v. FedEx Ground</u>, the Superior Court of California for the County of Los Angeles has held that certain FedEx Ground

drivers in the State of California are employees and not independent contractors. Case No. BC 210130 (July 26, 2004).

22. In the matter of <u>FedEx Ground Package System, Inc. and Local 177, Int'l Bhd. of Teamsters, AFL-CIO</u>, the Regional Director for Region 22 of the National Labor Relations Board held that employees working under the Agreement in the Fairfield, New Jersey, terminals are employees and not independent contractors.

23. Under the rules established by the Internal Revenue Service ("IRS") regarding classification of employees and independent contractors, FedEx Ground drivers are employees. Defendants are in breach of a 1995 agreement reached between their predecessor company, Roadway Package System, Inc. ("RPS"), and the IRS regarding this classification issue.

24. Despite their knowledge that they have improperly classified the drivers as independent contractors instead of employees, the Defendants have willfully continued to misclassify the drivers as independent contractors.

## COUNT I

### (Declaratory Judgment pursuant to 28 U.S.C. § 2201)

Under the relevant laws of the United States and the several states, Defendants have misclassified the Plaintiffs and Class Members as independent contractors rather than as employees; therefore, pursuant to 28 U.S.C. § 2201, this Court should issue a declaratory judgment establishing that the Plaintiffs and Class Members are or were employees of Defendants and that the Plaintiffs and

9

Class Members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and of the several states.

## COUNT II

### (Breach of Contract)

Defendants have breached their written contracts with Plaintiffs and Class Members, in which they made express representations concerning the parties' rights and duties which proved untrue, to Plaintiffs' and Class Members' detriment, in violation of the common law of the several states.

## COUNT III

### (Misrepresentation)

Defendants have committed intentional and/or negligent misrepresentation in their representations concerning the parties' rights and duties, in particular in misrepresenting to the drivers that they are independent contractors rather than employees, in violation of the common law of the several states.

## COUNT IV

### (Unjust Enrichment)

As a result of Defendants' conduct in misclassifying Plaintiffs and Class Members as independent contractors, the Defendants have forced Plaintiffs and Class Members to bear the normal costs and incidents of the Defendants' business and have thus unjustly enriched themselves to the detriment of Plaintiffs and Class Members in violation of the common law of the several states.  (These costs include *inter alia* the share of federal employment taxes for which employers are liable.)

## COUNT V

### (Conversion)

By such conduct in forcing the Plaintiffs and Class Members to bear costs incident to the Defendants' business operations (including the employer's share of federal employment taxes), the Defendants also converted the property of the Plaintiffs and Class Members to the Defendants' own use in violation of the common law of the several states.

## COUNT VI

### (Promissory Estoppel)

As a result of the misrepresentation of Defendants that Plaintiffs and Class Members would be independent contractors, the Plaintiffs and Class Members were estopped from and forewent other employment and business opportunities in reliance on the promise of entrepreneurship inherent in the independent contractor relationship offered by Defendants, and, as such, Defendants have violated the common law of the several states.

## COUNT VII

### (Quantum Meruit)

Plaintiffs and Class Members have been deprived by the Defendants of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of the several states.

## COUNT VIII

### (Violation of Independent Contractor Laws)

By misclassifying Plaintiffs and Class Members as independent contractors instead of employees, Defendants have violated statutory law of the several states (such as Mass. Gen. Laws c. 149 § 148B), and/or the common law of the several states.

## COUNT IX

### (Injunctive Relief)

As the Defendants have at all times continued to misclassify Plaintiffs and Class Members as independent contractors despite retaining control over them as employees, the Plaintiffs and Class Members seek permanent injunctive relief enjoining Defendants from practicing the unlawful practices alleged herein.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a nationwide class action pursuant to Fed. R. Civ. P. 23;

2. A declaratory judgment that Plaintiffs and other similarly situated persons are employees, not independent contractors;

3. Disgorgement of profits unjustly retained by Defendants as a result of their unlawful practice of misclassifying Plaintiffs and other similarly situated persons as independent contractors;

4. All damages to which Plaintiffs and class members may be entitled;

5. Any other relief to which Plaintiffs and class members may be entitled.

>Respectfully submitted,
>
>EDWARD SHEEHAN, RONALD PERRY,
>RANDY AZZATO, and ALAN PACHECO,
>on behalf of themselves and all others
>similarly situated,
>
>By their attorneys,
>
>/s/ Shannon Liss-Riordan
>Shannon Liss-Riordan, Esq. BBO #640716
>Alfred Gordon, Esq. BBO #630456
>PYLE, ROME, LICHTEN, EHRENBERG,
>  & LISS-RIORDAN, P.C.
>18 Tremont Street, 5th Floor
>Boston, MA 02108
>(617) 367-7200

Dated: May 6, 2005

13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Edward Sheehan et. al v. Fedex Corporation et. al__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __X__  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ____  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ____  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ____  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ____  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES    **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES    **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES    **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   **YES**    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   **EASTERN DIVISION**    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Shannon Liss-Riordan - Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan__
ADDRESS __18 Tremont Street, Boston, MA  02108__
TELEPHONE NO. __617-367-7200__

(Cover sheet local.wpd - 11/27/00)

≈JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Edward Sheehan, Ronald Perry, Randy Azzato, and Alan Pacheco, on behalf of themselves and all others similarly situated.

**DEFENDANTS**
Fedex Corporation, Fedex Ground Package System, Inc., and Fedex Ground Package System, Inc. d/b/a Fedex Home Delivery

(b) County of Residence of First Listed Plaintiff  **Barstable County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Shannon Liss-Riordan, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street
Boston, MA 02108

Attorneys (If Known)
Lyod Dunbar, Esq.     05-10936 RGS
FedEx Ground
1000 FedEx Drive
Moon Township, PA 15108

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

and 28 USC Sec. 1332(d)(2)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC Sec. 1332(d)(2) and 28 USC Sec. 2201

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/6/05    SIGNATURE OF ATTORNEY OF RECORD  Shannon Liss-Riordan

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____