## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWARD SHEEHAN, RONALD PERRY, RANDY AZZATO, and ALAN PACHECO, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) **JURY DEMANDED** |
| v. | ) Civil Action No.<br>) 05-10936-RGS |
| FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, | )<br>)<br>) |
| Defendants. | )<br>) |

## FIRST AMENDED CLASS ACTION COMPLAINT

### I.    INTRODUCTION

1.    This is an action brought by current and former delivery drivers of FedEx Ground Package System, Inc. or FedEx Home Delivery (collectively ("Defendants" or "FedEx Ground") for Defendants' unlawful misclassification of drivers as independent contractors instead of employees. The above-named plaintiffs bring this action on behalf of a class of similarly situated persons who have worked as delivery drivers for FedEx Ground in the state of Massachusetts for Defendants' statutory and common law violations that stem from this misclassification.

## II.   PARTIES

2.    Plaintiff Edward Sheehan is an adult resident of Marstons Mills, Massachusetts. Plaintiff Sheehan has worked as a FedEx Ground driver since March 1991.

3.    Plaintiff Ronald Perry is an adult resident of North Dartmouth, Massachusetts. Plaintiff Perry worked as a FedEx Home Delivery driver from May 2002 until June 2003.

4.    Plaintiff Randy Azzato is an adult resident of East Falmouth, Massachusetts. Plaintiff Azzato worked as a FedEx Ground driver from June 2002 until March 2003.

5.    Plaintiff Alan Pacheco is an adult resident of Fall River, Massachusetts. Plaintiff Pacheco worked as a FedEx Home Delivery driver from March 2001 until July 2003.

6.    The above-named plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated. That group includes all individuals who worked within the state of Massachusetts for FedEx Ground Package System, Inc. and/or its subsidiary, FedEx Home Delivery, as pickup and delivery drivers and who were improperly classified by the Defendants as independent contractors. The class meets all of the requirements of Rule 23 of the Federal and Massachusetts Rules of Civil Procedure.

7.    Defendant FedEx Ground Package System, Inc., together with its division, FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery, is a Delaware corporation with its principal place of business in Pittsburgh,

2

Pennsylvania. At all times relevant, FedEx Ground, an affiliate of FedEx

Corporation, engaged in transportation and delivery services in Massachusetts.

## III.    JURISDICTION AND VENUE

8.    Jurisdiction in this matter is based upon diversity of citizenship, as

Defendants are residents of the states of Delaware and/or Pennsylvania;

Plaintiffs are residents of Massachusetts; and the amount in controversy is in

excess of the statutory minimum. Therefore, jurisdiction is based upon 28 U.S.C.

§ 1332.

9.    Venue is proper in this Court because Defendants have violated the

laws of the state of Massachusetts within Massachusetts, have obligated

themselves to the Plaintiffs within Massachusetts, and have specifically chosen

to maintain a corporate presence within, and substantial contacts with, the state

of Massachusetts.

## IV.    STATEMENT OF FACTS

10.    FedEx Ground, as an affiliate of FedEx Corporation, employs

hundreds of drivers in Massachusetts to pick up and deliver packages to customers

of the Defendants.

11.    As a condition of employment, the Defendants required every driver

to sign a Pickup & Delivery Standard Contractor Operating Agreement, together

with several Addendums (collectively referred to as the "Agreement"). The

Agreement is a form contract establishing the terms and conditions of employment

of FedEx Ground drivers.

3

12. At all material times, Plaintiffs, and the class they represent, were individua ly parties to the Agreement with FedEx Ground described above in paragraph 11.

13. None of the named plaintiffs or class member drivers (collectively, the "drivers") were able to negotiate for different terms and conditions from those appearing in the form Agreement provided by the Defendants. For example, the Defendants unilaterally set the compensation to be paid the drivers.

14. Though the Agreement labels the drivers as independent contractors, the beha vioral and financial control manifested over the drivers by the Defendants demonst ates that the drivers are employees rather than independent contractors. Such control includes, but is not limited to, the following matters:

    a. Defendants employ supervisors and managers who have supervisory responsibility over the drivers and assign and direct their work. These supervisors and managers work in the terminals where the drivers report to retrieve the packages that they deliver for the Defendants' customers in furtherance of the Defendants' business operations.

    b. The drivers are required to comply with the Defendants' instructions in terms of written and unwritten policies, procedures, and directives appearing in the Agreement and unilaterally promulgated by the Defendants from time to time regarding the completion of the drivers' duties. Drivers suffer financial penalties and/or disciplinary actions for failure to comply with such policies, procedures, and directives.

    c. Upon starting to work for the Defendants, the drivers receive training in the Defendants' policies and procedures, in the documentation

4

the Defendants' require of drivers, and in the technology the Defendants' mandate the drivers to use in the performance of their work for the Defendants.

d.      Though the drivers are required to purchase the vehicles they use in working for the Defendants and to purchase the uniforms they wear in performing said work, the Defendants require that the drivers adorn their vehicles and uniforms with the Defendants' logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. Such requirement prevents the drivers from using their purchased vehicles and uniforms to offer services to the general public.

e.      In addition to paying the drivers for each package picked up and/or delivered, the Agreement provides that the Defendants will pay the drivers a set amount for each day that the driver provides services to the Defendants as well as a premium for the drivers' time when the drivers' route contains a small amount of package deliveries. Such payments are made to the drivers each week. Thus, their pay basis is not simply by the job, but by the time spent working.

f.      Though the Agreement purports to give the drivers proprietary control over their routes, the Defendants change the drivers' routes from time to time without the drivers' permission and prohibit the drivers from selling their routes or having other individuals perform in their place without the express prior approval of the Defendants.

g.      The Defendants exert a high degree of control over the drivers' work. For example, they have begun installing GPS systems in the

5

drivers' vehicles enabling the Defendants to track the drivers' whereabouts at all times while working.

15.   Though the Agreement labels the drivers as independent contractors, the type of relationship between the Defendants and the drivers demonstrates that the drivers are employees rather than independent contractors. Factors showing an employment relationship include, but are not limited to, the following:

a.   The work of the drivers in picking up and delivering packages for the Defendants' customers is completely integrated into the business of the Defendants such that the Defendants' business depends significantly on the performance of the services that the drivers perform.

b.   Though the drivers are required to purchase or lease the vehicles they use in working for the Defendants, and to purchase the uniforms they wear in performing said work, the Defendants require that the drivers adorn their vehicles and uniforms with the Defendants' logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. Such requirement prevents the drivers from using their vehicles and uniforms to offer services for other, similar businesses.

c.   Though the Agreement purports to give the drivers proprietary control over their routes, the Defendants exert a high degree of control over the drivers' ability to sell their routes or have other individuals perform in their place. Such sales and substitutions require the express prior approval of the Defendants, making the services of a type that must be rendered personally by drivers who have effectively been hired by the Defendants.

6

d.     The Defendants prevent the drivers from choosing when and how much they care to work for the Defendants, instead requiring the drivers to work a minimum number of hours and shifts and prohibiting the drivers from refusing work, such as picking up certain packages.

e.     Many drivers have continued their relationship as drivers for the Defendants exclusively over many years.

16.     The Defendants, per the Agreement, require the drivers to pay the Defendants' operating expenses, including but not limited to:

a.     costs relating to the purchase and operation of vehicles to perform work for the Defendants and to maintain and repair such vehicles;

b.     costs relating to the purchase of insurance, including vehicle insurance and work accident insurance;

c.     costs relating to the purchase of uniforms adhering to the Defendants' precise specifications;

d.     the share of federal employment taxes for which employers are liable; and

e.     other costs normally associated with the operation of a business and included in the Defendants' business support package, such as maps, logos and signs, training, modems, and scanners.

17.     By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, the Defendants have committed a widespread and systemic breach of the terms of said Agreement.

7

18.    By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, the Defendants have misrepresented to the drivers that they are independent contractors (and thus entrepreneurs with the ability to independently manage and grow their businesses), when in fact they are employees (and thus entitled to a variety of legal benefits that inure from the employment relationship).

19.    The Defendants do not contribute to workers' compensation and unemployment insurance programs and do not allow drivers to apply or qualify for for workers' compensation or unemployment benefits.

20.    The fair value of the services performed by the drivers exceeds the amount of pay received by the drivers for the work they perform, as compared to drivers performing substantially the same work for other similar businesses and for Defendant FedEx Corporation's other affiliated companies.

21.    In the case of Estrada, et al. v. FedEx Ground, the Superior Court of California for the County of Los Angeles has held that certain FedEx Ground drivers in the State of California are employees and not independent contractors. Case No. BC 210130 (July 26, 2004).

22.    In the matter of FedEx Ground Package System, Inc. and Local 177, Int'l Bhd. of Teamsters, AFL-CIO, the Regional Director for Region 22 of the National Labor Relations Board held that employees working under the Agreement in the Fairfield, New Jersey, terminals are employees and not independent contractors.

23.    Under the rules established by the Internal Revenue Service ("IRS") regarding classification of employees and independent contractors, FedEx

8

Ground c rivers are employees. Defendants are in breach of a 1995 agreement reached between their predecessor company, Roadway Package System, Inc. ("RPS"), and the IRS regarding this classification issue.

24. Despite their knowledge that they have improperly classified the drivers as independent contractors instead of employees, the Defendants have willfully continued to misclassify the drivers as independent contractors.

## COUNT I

### (Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Mass. Gen. L. c. 231A)

Under the relevant laws of the United States and of Massachusetts, Defenda nts have misclassified the Plaintiffs and Class Members as independent contractors rather than as employees; therefore, pursuant to 28 U.S.C. § 2201 and Mass. Gen. L. c. 231A, this Court should issue a declaratory judgment establishing that the Plaintiffs and Class Members are or were employees of Defenda nts and that the Plaintiffs and Class Members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and of Massachusetts.

## COUNT II

### (Violation of Massachusetts Independent Contractor Law)

By misclassifying Plaintiffs and Class Members as independent contractors instead of employees, Defendants have violated Mass. Gen. Laws c. 149 § 148B. This claim is brought pursuant to Mass. Gen. Laws. c. 149 § 150.

9

## COUNT III

### (Violation of Massachusetts Wage Law)

By such conduct in forcing the Plaintiffs and Class Members to bear costs incident to the Defendants' business operations, the Defendants also violated Mass. Gen. Laws. c. 149 § 148 by unlawfully requiring Plaintiffs and Class Members to pay improper set-offs against their wages.  This claim is brought pursuant to Mass. Gen. Laws. c. 149 § 150.

## COUNT IV

### (Breach of Contract)

Defendants have breached their written contracts with Plaintiffs and Class Members, in which they made express representations concerning the parties' rights and duties which proved untrue, to Plaintiffs' and Class Members' detrimen:, in violation of the common law of Massachusetts.

## COUNT V

### (Misrepresentation)

Defendants have committed intentional and/or negligent misrepresentation in their representations concerning the parties' rights and duties, in particular in misrepresenting to the drivers that they are independent contractors rather than employees, in violation of the common law of Massachusetts.

10

## COUNT VI

### (Unjust Enrichment)

As a result of Defendants' conduct in misclassifying Plaintiffs and Class Members as independent contractors, the Defendants have forced Plaintiffs and Class Members to bear the normal costs and incidents of the Defendants' business and have thus unjustly enriched themselves to the detriment of Plaintiffs and Class Members in violation of the common law of Massachusetts.

## COUNT VII

### (Conversion)

By such conduct in forcing the Plaintiffs and Class Members to bear costs incident to the Defendants' business operations, the Defendants also converted the property of the Plaintiffs and Class Members to the Defendants' own use in violation of the common law of Massachusetts.

## COUNT VIII

### (Promissory Estoppel)

As a result of the misrepresentation of Defendants that Plaintiffs and Class Members would be independent contractors, the Plaintiffs and Class Members were estopped from and forewent other employment and business opportunities in reliance on the promise of entrepreneurship inherent in the independent contractor relationship offered by Defendants, and, as such, Defendants have violated the common law of Massachusetts.

11

## COUNT IX

### (Quantum Meruit)

Plaintiffs and Class Members have been deprived by the Defendants of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of Massachusetts.

## COUNT X

### (Injunctive Relief)

As the Defendants have at all times continued to misclassify Plaintiffs and Class Members as independent contractors despite retaining control over them as employees, the Plaintiffs and Class Members seek permanent injunctive relief enjoining Defendants from practicing the unlawful practices alleged herein.

### JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a Massachusetts class action pursuant to Fed. R. Civ. P. 23 or Mass. R. Civ. P. 23;

2. A declaratory judgment that Plaintiffs and other similarly situated persons are employees, not independent contractors;

3. Disgorgement of profits unjustly retained by Defendants as a result of their unlawful practice of misclassifying Plaintiffs and other similarly situated persons as independent contractors;

4. All damages to which Plaintiffs and class members may be entitled;

5. Any other relief to which Plaintiffs and class members may be entitled.

Respectfully submitted,

EDWARD SHEEHAN, RONALD PERRY,
RANDY AZZATO, and ALAN PACHECO,
on behalf of themselves and all others
similarly situated,

By their attorneys,

Shannon Liss-Riordan, Esq. BBO #640716
Alfred Gordon, Esq. BBO #630456
PYLE, ROME, LICHTEN, EHRENBERG,
    & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated:     May 26, 2005

13