UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD SHEEHAN, RONALD PERRY, RANDY AZZATO, and ALAN PACHECO, on behalf of themselves and all others similarly situated, </br></br>  Plaintiffs, </br></br> v. </br></br> FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, INC., </br></br>  Defendants. | CIVIL ACTION </br></br> NO. 05-10936-RGS |

**ANSWER AND AFFIRMATIVE DEFENSES OF FEDEX GROUND PACKAGE SYSTEM, INC. AND FEDEX HOME DELIVERY TO PLAINTIFFS' <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

COME NOW Defendants FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground") and FEDEX HOME DELIVERY, a division of FedEx Ground, (collectively, the "Defendants") on behalf of themselves alone, and for no other defendant, and file this Answer to the "Plaintiffs' First Amended Class Action Complaint" (the "Complaint") served by Plaintiffs EDWARD SHEEHAN, RONALD PERRY, RANDY AZZATO, and ALAN PACHECO (collectively, the "Plaintiffs"). Except as expressly admitted below, Defendants deny the allegations of Plaintiffs' Complaint.

**I. INTRODUCTION**

1. Paragraph 1 of the Complaint states Plaintiffs' description of this action, and therefore requires no answer. Notwithstanding the foregoing, Defendants deny each and every allegation contained in Paragraph 1 of the Complaint, except Defendants admit that Plaintiffs purport to bring a class action as described in Paragraph 1 and deny that this case may be maintained as a class action.

## II. PARTIES

2. Defendants admit the identity of the Plaintiff Edward Sheehan. Defendants lack sufficient knowledge to respond to the allegations concerning Plaintiff's residency and on that basis deny the same. Defendants allege that Plaintiff Sheehan was an independent contractor at certain times.

3. Defendants admit the identity of the Plaintiff Ronald Perry. Defendants lack sufficient knowledge to respond to the allegations concerning Plaintiff's residency and on that basis deny the same. Defendants allege that Plaintiff Perry was an independent contractor at certain times.

4. Defendants admit the identity of the Plaintiff Randy Azzato. Defendants lack sufficient knowledge to respond to the allegations concerning Plaintiff's residency and on that basis deny the same. Defendants allege that Plaintiff Azzato was an independent contractor at certain times.

5. Defendants admit the identity of the Plaintiff Alan Pacheco. Defendants lack sufficient knowledge to respond to the allegations concerning Plaintiff's residency and on that basis deny the same. Defendants allege that Plaintiff Pacheco was an independent contractor at certain times.

6. Defendants deny each and every allegation contained in Paragraph 6 of the

        Complaint, except Defendants admit that Plaintiffs purport to bring a class action as described in Paragraph 6. Defendants deny that this case may be properly maintained as a class action.

7. Defendants admit that FedEx Ground Package System Inc is incorporated in Delaware and that its principal place of business is in Moon Township, Pennsylvania, just outside of Pittsburgh. Defendants admit that FedEx Home Delivery is a division of FedEx Ground Package System Inc. Defendants also admit that FedEx Ground at all relevant times was engaged in interstate transportation and delivery services in the United States. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

### III. JURISDICTION AND VENUE

8. Defendants admit that jurisdiction is proper, and deny the remaining allegations in Paragraph 8 of the Complaint.

9. Defendants deny each and every allegation contained in Paragraph 9 of the Complaint.

### IV. STATEMENT OF FACTS

10. Defendants deny each and every allegation contained in Paragraph 10 of the complaint.

11. Defendants deny each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12. To the extent that Plaintiffs were parties to a contract with FedEx Ground, Defendants allege that the terms of the contract(s) speak for themselves.

13. Defendants deny each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendants allege that the terms of the contract referenced in Paragraph 14 speak for themselves and deny each and every remaining allegation contained in that paragraph of the Complaint, including its subparts.

15. Defendants deny each and every allegation contained in Paragraph 15 of the Complaint, including its subparts.

16. Defendants allege that the terms of the contract referenced in Paragraph 16 of the Complaint speak for themselves and deny the remaining allegations in that paragraph of the complaint, including its subparts.

17. Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 are not directed toward Defendants, and therefore require no answer. Notwithstanding the foregoing, Defendants allege that the terms of the Los Angeles Country Superior Court decision referenced in Paragraph 21 speak for themselves.

22. The allegations contained in Paragraph 22 are not directed toward Defendants,

and therefore require no answer. Notwithstanding the foregoing, Defendants allege that the terms of the National Labor Relations Board decision referenced in Paragraph 22 of the Complaint speak for themselves.

23. Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

## COUNT I

Defendants each and every allegation contained in Count I of the Complaint. Defendants also deny that Plaintiffs and/or the purported members of their putative class are entitled to any and all relief requested in this or any Count of the Complaint.

## COUNT II

Defendants deny each and every allegation contained in Count II of the Complaint.

## COUNT III

Defendants deny each and every allegation contained in Count III of the Complaint.

## COUNT IV

Defendants deny each and every allegation contained in Count IV of the Complaint.

## COUNT V

Defendants deny each and every allegation contained in Count V of the Complaint.

**COUNT VI**

Defendants deny each and every allegation contained in Count VI of the Complaint.

**COUNT VII**

Defendants deny each and every allegation contained in Count VII of the Complaint.

**COUNT VIII**

Defendants deny each and every allegation contained in Count VIII of the Complaint.

**COUNT IX**

Defendants deny each and every allegation contained in Count IX of the Complaint. Defendants also deny that Plaintiffs and/or the purported members of their putative class are entitled to any and all relief requested in this or any Count of the Complaint.

**COUNT X**

Defendants deny each and every allegation contained in Count X of the Complaint. Defendants also deny that Plaintiffs and/or the purported members of their putative class are entitled to any and relief requested in this or any Count of the Complaint.

**JURY DEMAND**

Defendants admit Plaintiffs' request as stated.

**WHEREFORE PARAGRAPH**

Defendants deny that Plaintiffs or the purported members of their putative class

are entitled to any and all of the relief requested in the paragraph beginning "WHEREFORE" on page 12 of the Complaint, including its subparts, incorporate by reference the affirmative defenses set out below, and seek dismissal of this action with prejudice, with Plaintiffs bearing Defendants' costs and fees of this litigation.

\* \* \*

## **AFFIRMATIVE DEFENSES**

Having fully answered Plaintiffs' Complaint, Defendants plead the following defenses and/or affirmative defenses on their own behalf, without waiving any arguments which they may be entitled to assert regarding the burden of proof, legal presumptions or other legal characterizations.

## **FIRST AFFIRMATIVE DEFENSE**
### Failure to State a Claim

Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to any Defendant.

## **SECOND AFFIRMATIVE DEFENSE**
### Statute of Limitations

Plaintiffs' claims, and the claims of the purported members of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations.

## **THIRD AFFIRMATIVE DEFENSE**
### No Class Action or Collective Action

Plaintiffs' claims, and each of them, cannot and should not be maintained on a class-action basis because those claims, and each of them, fail to meet the necessary requirements for class certification, including, *inter alia*, numerosity, commonality, typicality, predominance, superiority, and adequacy of the class representatives.

## FOURTH AFFIRMATIVE DEFENSE

Unconstitutional Class Action

Certification of a class action under the circumstances of this case would violate the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

No Standing

Neither Plaintiffs, nor the purported members of the putative class defined in the Complaint, are covered by the statutes, regulations and legal theories sought to be invoked in the Complaint. Accordingly, for this and other reasons, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs, or some of them, lack standing.

## SIXTH AFFIRMATIVE DEFENSE

Breach of Contract

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and/or the putative class members are in breach of their agreements with Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Estoppel

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and the putative class members are estopped by their own conduct to claim any right to damages or other monetary relief from any Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Laches

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Res Judicata/Collateral Estoppel

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

## TENTH AFFIRMATIVE DEFENSE

Accord and Satisfaction; Payment

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.  Assuming, arguendo, that Plaintiffs, and the purported members of the putative class defined in the Complaint, or some of them, are/were employees within the meaning of the Massachusetts law, which Defendants specifically deny, Plaintiffs' claims, or some of them, are barred in whole or in part by the receipt of compensatory time off.

## ELEVENTH AFFIRMATIVE DEFENSE

Release

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the individual(s) in question.

### TWELFTH AFFIRMATIVE DEFENSE
Waiver

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

### THIRTEENTH AFFIRMATIVE DEFENSE
Independent Contractor Status

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, and each of them, are barred because said individuals are/were independent contractors, and not employees of Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
Unclean Hands

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE
Knowing Submission

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and said putative class members knowingly submitted to and acquiesced in the actions alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
Unavailability of Penalties

To the extent Plaintiffs or any purported member of the putative class defined in the Complaint seek penalties, punitive damages, or exemplary damages, they fail to state facts

sufficient to support such claims, and such claims are precluded by statute, or violate the Due Process rights of the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### Setoff and Recoupment

If any damages have been sustained by Plaintiffs, or by any purported member of the putative class defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendants against any judgment that may be entered against Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### Express Contract

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because they entered into an express contact with Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE
#### Arbitration

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual mandatory, final, and binding arbitration.

### TWENTIETH AFFIRMATIVE DEFENSE
#### Conduct Reasonable and in Good Faith/Not Willful

Assuming, arguendo, that Plaintiffs, and the purported members of the putative class defined in the Complaint, or some of them, are/were employees within the meaning of the Massachusetts law, which Defendants specifically deny, and assuming, arguendo, that any such Plaintiffs, and any such purported members of the putative class, or some of them, are entitled to

relief under Massachusetts law, which Defendants specifically deny, Plaintiffs' claims, and the claims of each putative class member, or some of them, are barred, in whole or in part, on the ground that Defendants acted in good faith, with a good-faith and reasonable belief that Defendants had complied fully with federal and state law, with a bona fide dispute as to the obligation of payment, and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or State agencies. Furthermore, assuming, arguendo, that a violation of Massachusetts law occurred, which Defendants specifically deny, Defendants' conduct was not willful.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### Unavailability of Equitable Relief

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, for equitable relief are precluded.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### Preemption

Plaintiffs' claims, and the claims of the purported members of the putative class described in the Complaint, are preempted, in whole or in part, by federal law, including 49 U.S.C. 14501(c), and the federal regulation of interstate commerce in general and the transportation industry in particular.

\* \* \*

Defendants reserve the right to assert by supplemental pleading any affirmative defenses or counterclaim which matures, or is acquired by any of them, subsequent to the filing of this Answer.

\* \* \*

WHEREFORE, Defendants pray for judgment as follows:

(1) That the Complaint and each claim therein be dismissed with prejudice;

(2) That Defendants be awarded their costs incurred herein, and reasonable attorneys' fees;

(3) That Defendants be granted leave to amend their pleadings to conform to the proof; and

(4) That the Court order such other and further relief for Defendants as the Court may deem just and proper.

                    FEDEX GROUND PACKAGE SYSTEM, INC.
                    And FEDEX HOME DELIVERY

                    By their attorneys,

June 16, 2005                  */s/ Wesley S. Chused*
                                Wesley S. Chused (BBO #083520)
                                LOONEY & GROSSMAN LLP
                                101 Arch Street
                                Boston, MA 02110
                                (617) 951-2800

                                and

                                JOHN H. BEISNER
                                EVELYN L. BECKER
                                O'MELVENY & MYERS LLP
                                1625 EYE STREET, N.W.
                                WASHINGTON, D.C. 20006
                                PH: (202) 383-5300
                                FAX: (202) 383-5414

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2005, I served a copy of the foregoing pleading upon all parties hereto by electronically, via facsimile or by mailing copies thereof via first class mail, properly addressed to the following:

>Shannon Liss-Riordan, Esq.
>Alfred Gordon, Esq.
>Pyle Rome, Lichten, Ehrenberg, & Liss-Riorden
>18 Tremont Street, 5th Floor
>Boston, MA 02108

>*/s/ Wesley S. Chused*
>Wesley S. Chused

DC1:626224.2