# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD SHEEHAN, RONALD PERRY, RANDY AZZATO, and ALAN PACHECO, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-10936-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' ASSENTED-TO MOTION TO STAY PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendants FedEx Ground Package System, Inc. ("FedEx Ground") and FedEx Home Delivery (collectively "Defendants") submit this Memorandum in support of their assented-to Motion to Stay all proceedings in the above-captioned case pending resolution of FedEx Ground's Motion to Transfer for Coordinated Pretrial Proceedings currently pending before the Judicial Panel on Multidistrict Litigation (the "Panel") (*See* Motion to Transfer with

Memorandum in Support attached hereto as Ex. A). Defendants have conferred with opposing counsel, who do not oppose this motion.

In its Motion to Transfer now pending before the Panel, FedEx Ground moves for transfer of fifteen cases, including the above-captioned action, with certain overlapping factual issues and similar legal theories, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407. Granting a stay of proceedings in this case is plainly within this Court's power, and is necessary and appropriate to achieve the judicial economies that underlie Section 1407. *See, e.g., Am. Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992). Numerous overlapping cases brought against FedEx Ground by independent contractors are pending in federal courts across the country, and, given the similarity of these actions, it is very likely that the Panel will transfer and coordinate them for pretrial proceedings. Absent a stay, this Court will have to waste its limited resources supervising pretrial proceedings and making rulings in a case that will likely soon be supervised by another court. Moreover, without a stay, FedEx Ground will be significantly and unfairly prejudiced as it will have to conduct duplicate discovery in multiple courts.

Eleven of the subject actions have already been stayed, including one stay that continues in effect in *Humphreys* from the prior MDL motion. (*See* Ex. B (*Gregory* Agreed Order), Ex. C (*Craig* Order), Ex. D (*Lester* Order), Ex. E (*Anfinson* Order), Ex. F (*Alexander* Order), Ex. G (*Kilmartin* Order), Ex. H (*Griffin* Order), Ex. I (*Lee* Order), Ex. J (*Bunger* Order), Ex. K (*Capers* Stipulation). Of the three remaining actions originally subject to the MDL Motion, a motion to stay is pending in *Louzau,* a stipulation requesting a stay by both parties has been filed in

2

*Johnson* (*See* Ex. L (*Johnson* Stipulation)), and a motion to stay will be requested in *Gennell* shortly.[1]

For the reasons set forth below, FedEx Ground respectfully requests that this Court grant its assented-to Motion to Stay.

## BACKGROUND

Nineteen cases, in addition to the present action, are already pending against FedEx Ground in different federal district courts across the country, alleging that FedEx Ground owner-operators who provide pick-up, transportation, and delivery services are "employees" rather than independent contractors. Like the present case, eighteen of these other actions are either putative class actions or mass actions. Each case makes comparable allegations based on the same basic theory—namely, that the owner-operators who provide pick-up, transportation, and delivery services in support of FedEx Ground's nationwide transportation system should have been classified as "employees" rather than independent contractors. The lawyers and plaintiffs involved in several of these cases are the same, and the cases have begun using identical language and making identical allegations, referring by name to a specific recent state-court decision in California on the issue of the status of FedEx Ground owner-operators. Additional cases asserting the same theory are likely to be filed shortly.

On January 21, 2005, in an effort to coordinate the discovery and pretrial administration of this large and growing litigation, FedEx Ground filed a motion with the Panel seeking transfer under 28 U.S.C. § 1407 of the eight then-pending actions to one court for coordinated

---

[1] The *Gennell* plaintiffs have already indicated that they will not oppose the motion to stay.

3

proceedings. On April 20, 2005, the Panel denied FedEx Ground's motion. (*See* Ex. M.) FedEx Ground received notice of the Panel's decision on April 22, 2005. On April 27, 2005, FedEx Ground moved the Panel to reconsider its decision in light of the filing of four additional putative class actions in four additional courts around the country, alleging similar types of claims against FedEx Ground.

On May 4, 2005, the Panel contacted FedEx Ground. Based on the newly filed actions that FedEx Ground identified in its Motion for Reconsideration, the Panel directed FedEx Ground to file a renewed motion for transfer and coordination that would include the original and new cases. (*See* Ex. A, FedEx Ground's Mem. in Supp. of its MDL Motion at 3 ("FedEx Ground Mem.").) On May 11, 2005, FedEx Ground complied with the Panel's request and filed a renewed Motion to Transfer for Coordinated Pretrial Proceedings (the "MDL Motion"). (*See id.*) As of the filing of that motion, three additional cases had been filed. Indeed, since the filing of FedEx Ground's initial motion, a total of nine new actions had been filed.

Thus, in its MDL Motion, FedEx Ground notified the Court of fifteen actions pending in district courts across the country and has added three overlapping actions filed after the MDL Motion.[2] As FedEx Ground explains in its MDL Motion, the pretrial coordination of these actions will eliminate duplicative discovery, serve the convenience of the parties and witnesses, and prevent conflicting pretrial rulings, including conflicting rulings on class or collective action certification. *See id.*; 28 U.S.C. § 1407.

---

[2] FedEx Ground also intends to notify the Panel of two cases filed recently in Indiana and Tennessee.

4

**ARGUMENT**

**I.    THIS CASE SHOULD BE STAYED PENDING THE PANEL'S TRANSFER DECISION**

The factors weighing in favor of coordinated pretrial proceedings in this matter are compelling. The Panel has regularly coordinated cases, such as the ones at issue here, involving claims for employment benefits. *See, e.g.*, *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, 196 F. Supp. 2d 1373 (J.P.M.L. 2002); *In re Am. Online, Inc., Cmty. Leaders Litig.*, 198 F. Supp. 2d 1381 (J.P.M.L. 2002); *In re Albertson's, Inc., Employment Practices Litig.*, No. 1215, 1998 U.S. Dist. LEXIS 6377 (J.P.M.L. May 4, 1998). The Panel is especially prone to coordinate cases "when two or more complaints assert comparable allegations against identical defendants based on similar transactions and events." *In re Air West Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981).

The Panel is also prone to coordinate when doing so will prevent conflicting class or collective action certification decisions. *See, e.g.*, *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues.").[3] The Panel has found

---

[3] *See also In re Bridgestone/Firestone, Inc. ATX, ATX II & Wilderness Tires Prods. Liab. Litig.*, 2000 U.S. Dist. LEXIS 15926, at *6 (J.P.M.L. Oct. 24, 2000) ("Centralization under Section 1407 is thus necessary in order to . . . prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests)."); *In re Am. Online, Inc., Version 5.0 Software Litig.*, 2000 U.S. Dist. LEXIS 13262, at *3-4 (same); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (same); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. at 613 ("the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407"); *In re Mutual Fund Sales Antitrust Litig.*, 361 F. Supp. 638, 639-40 (J.P.M.L. 1973) ("we have

(Footnote continued on next page)

coordination especially compelling where, as here, courts will have to contend with overlapping class certification decisions.  *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378 at 1379 ("Centralization under Section 1407 with respect to these actions is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (*especially with respect to overlapping class certifications*), and conserve the resources of the parties, their counsel and the judiciary.") (emphasis added); *In re Citigroup, Inc. Capital Accumulation Plan Litig.*, Docket No. 1364, 2000 U.S. Dist. LEXIS 12561, at *1 (J.P.M.L. 2000) (same).  Accordingly, it is very likely that the Panel in this case will transfer and coordinate the pending independent contractor litigation against FedEx Ground, including the present case.

In light of this likely transfer and coordination, this Court should exercise its discretion to stay all further proceedings in this case pending the Panel's action.  This Court's power to stay is well established—it is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. North Am. Co.*, 299 U.S 248, 254 (1936)—and its exercise would be particularly apt in this case.  Numerous courts have stayed proceedings pending determinations by the Panel on the appropriateness of coordination under Section 1407.  *See, e.g.*, *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509 (D. Md. 2002); *U.S. Bank, Nat'l Ass'n v. Royal Indem.*

---

(Footnote continued from previous page)

frequently held that the possibility for conflicting class determinations under [Fed. R. Civ. P. 23] is an important factor favoring transfer of all actions to a single district").

*Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002); *Carson v. Cinar Corp.*, No. 1:00CV626, 2001 U.S. Dist. LEXIS 23143 (M.D.N.C. January 22, 2001); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *Boudreaux v. Metro. Life Ins. Co.,* No. 95-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995); *Am. Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, Civ. A. No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88 CIV 2153 (MJL), 88 Civ. 2252 (MJL), 1988 WL 49065 (S.D.N.Y. May 12, 1988); *Portnoy v. Zenith Labs.*, Civ. A. No. 86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987).

When deciding whether to issue a stay pending a decision by the Panel, courts look to (1) considerations of judicial economy and (2) prejudice to the parties. *See, e.g.*, *Rivers*, 980 F. Supp. at 1360; *Am. Seafood v. Magnolia Processing, Inc.*, Civ. A. No. 92-1030, Civ. A. No. 92-1086, 1992 U.S. Dist. LEXIS 7374, at *4-5 (E.D. Pa. May 6, 1992). As set forth below, both factors favor a stay of this case.

### A.    Judicial Economy Mandates a Stay

Because of the overlapping factual issues and similar legal theories raised by the FedEx Ground independent contractor cases currently pending in federal court, including this matter, much work would be needlessly duplicated if pretrial proceedings and discovery were to continue to go forward before the Panel has an opportunity to rule.

Moreover, if this Court were not to issue a stay, it would expend effort reaching rulings that would likely be reconsidered after coordination. As another district court noted in granting a defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy,

and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank*, 2002 WL 31114069 at *2. The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *Rivers*, 980 F. Supp. at 1360. The Court should also not hold status conferences or issue discovery orders, because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360-61. Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert)*; *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment). In fact, it is unlikely that this Court will ever see this case again once it is transferred to an MDL; as a 2004 report from the Administrative Office of the United States Courts revealed, fewer then 10 percent of the cases that have been resolved through MDL treatment since Congress enacted the MDL statute were ever transferred back to the original transferor district. Accordingly, a stay will conserve judicial resources.

      **B.**    **Granting a Stay Will Prevent Unnecessary Prejudice to FedEx Ground, and Will Not Prejudice Plaintiffs**

In addition to the waste of judicial resources inherent in proceeding with this matter prior to the establishment of an MDL, FedEx Ground will be substantially prejudiced by duplicative discovery and motions practice if a stay is not put in place. *See Am. Seafood,* 1992 WL 102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of [a] stay"). Plaintiffs

8

across the country will surely notice the same FedEx Ground employees and former employees for deposition.  Without a stay, FedEx Ground may have to produce the same witnesses multiple times in different jurisdictions.

A stay will not, however, unduly prejudice Plaintiffs in this matter.  First, Plaintiffs agree that a stay is appropriate in this case.  Second, any delay that Plaintiffs may experience will be minimal.  The Panel has scheduled the hearing on FedEx Ground's MDL Motion on July 28, 2005, and typically its decisions are issued within three weeks of oral argument.  Whatever prejudice this short delay may cause, the prejudice to FedEx Ground and judicial economy resulting from continued proceedings would far outweigh any harm to Plaintiffs.  *See Arthur-Magna*, 1991 WL 13725 at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay).  Moreover, should the Panel grant the MDL Motion, all of the parties—including Plaintiffs—will benefit through increased efficiency and coordinated pretrial case management.  Any potential prejudice from delay is thus outweighed by the potential efficiencies available *to Plaintiffs* in a coordinated MDL proceeding.  Finally, this action was only recently filed.  Discovery has not yet begun and Plaintiffs have expended limited resources to date.  Accordingly, they will not be prejudiced by a limited delay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their assented-to motion to stay all proceedings in this case pending resolution of FedEx Ground's Motion to Transfer for Coordinated Pretrial Proceedings.

                                  Respectfully submitted,

                                  FEDEX GROUND PACKAGE SYSTEM, INC.
                                  And FEDEX HOME DELIVERY

                                  By their attorneys,


July 12, 2005                       */s/ Wesley S. Chused*
                                  Wesley S. Chused (BBO #083520)
                                  LOONEY & GROSSMAN LLP
                                  101 Arch Street
                                  Boston, MA 02110
                                  (617) 951-2800

                                        and

                                  JOHN H. BEISNER
                                  EVELYN L. BECKER
                                  O'MELVENY & MYERS LLP
                                  1625 EYE STREET, N.W.
                                  WASHINGTON, D.C. 20006
                                  PH: (202) 383-5300
                                  FAX: (202) 383-5414

## CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2005, I served a copy of the foregoing pleading upon all parties hereto by electronically, via facsimile or by mailing copies thereof via first class mail, properly addressed to the following:

>Shannon Liss-Riordan, Esq.
>Alfred Gordon, Esq.
>Pyle Rome, Lichten, Ehrenberg, & Liss-Riorden
>18 Tremont Street, 5th Floor
>Boston, MA 02108

>*/s/ Wesley S. Chused*
>Wesley S. Chused

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD SHEEHAN, RONALD PERRY, RANDY AZZATO, and ALAN PACHECO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, INC.,<br><br>Defendants. | CIVIL ACTION NO. 05-10936-RGS |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Assented-to Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation, it is this ___ day of _____, 2005, hereby

ORDERED that Defendants' Motion to Stay is GRANTED; and it is further

ORDERED that all proceedings in this case are hereby STAYED pending a decision by the Judicial Panel on Multidistrict Litigation on the pending Motion to Transfer for Coordinated Pretrial Proceedings.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE